THE UNION PACIFIC RAILWAY COMPANY, PLAINTIFF IN ERROR, v. BOWLER ET AL., DEFENDANTS IN ERROR.

1. CERTIORARI.

The writ of *certiorari* is a writ of review.   It can be issued only when the inferior tribunal is without jurisdiction, where, also, no appeal will lie from the judgment·and where no other plain, adequate and speedy remedy is provided.

2. SAME.

*Certiorari* does not lie to  review the judgment of a county court given upon an appeal from a justice of the peace—the remedy by writ of error being plain, adequate and speedy.

3. SAME.

A writ of *certiorari* improvidently issued should be dismissed.

*Error to the District Court of Arapahoe County.*

Messrs. TELLER, ORAHOOD & MORGAN, for plaintiff in error.

Messrs. NORRIS & HOWARD, for defendants in error.

BISSELL, P. J., delivered the opinion of the court.

Our conclusions concerning the remedy which the railroad company selected to secure a review of the judgment of the county court render the consideration of any other matters wholly superfluous.

When the debt was contracted which is the subject-matter of the suit, George W. Bull was an engineer in the employ of The Union Pacific Railway Company. The creditors were Bowler and Taylor. All the parties—the creditors, the debtor and the railroad company were residents of and domiciled in Iowa, and the debt was contracted there. So far as may be gathered from the record, the account may be deemed a current one, concerning which neither time nor place of payment was specified. In July, 1889, Bowler and Taylor brought suit against Bull before a justice of the peace in Pottawattamie county, Iowa, and sued out a writ of attachment, under which the railroad company was garnished for Bull's wages. Bull appeared, pleaded the exemption of his wages under the Iowa statute, and the attachment was accordingly dissolved ; but judgment was rendered in favor of Bowler and Taylor. Afterwards this judgment was assigned to Howard, one of the attorneys for the defendants in error. Howard brought suit before a justice of the peace in Arapahoe county, and sued out a writ of attachment under which the railroad company was garnished on account of Bull's wages. Of course there was no personal service of the summons ; but we are not concerned with the regularity of the proceedings by which the justice acquired jurisdiction, since on this hearing this matter is not questioned. It is sufficient to state that, in response to the garnishment, the railroad company answered an indebtedness from them to Bull, and on that answer the justice rendered judgment against the garnishee for some eighty-three dollars. The case was then taken by appeal to the county court of Arapahoe county, and there tried on an agreed statement of facts, which set up all that has been stated, with more which need not be recited. The railroad company contended that, although The Union Pacific Company by virtue of its incorporation under the federal statutes, and the transaction of business in several states, was a citizen of Colorado, and therefore properly amenable to its process, it could not be garnished for this particular debt, because of the domicile of the parties, the place of the

contract and the consequent legal situs of the debt. The county court rejected this contention and rendered a judgment in favor of the plaintiff.

After this judgment was entered, the railroad company attempted to secure a review of this finding and judgment, and to that end filed a petition for a writ of *certiorari* under the code. In general it may be stated that the petition for the writ recited all the facts necessary to entitle them to have it issued if this remedy were available. In addition to a statement of the history of the case, the petition averred generally that no appeal lay from the county to the district court, and that they were otherwise without a speedy, plain and adequate remedy. The court issued the writ, and the papers were certified up. When the matter came on for hearing, the court dismissed the writ without entering upon any consideration of the rightfulness of the judgment, evidently proceeding on the theory that the writ had been improperly granted, and that the railroad company was not entitled to review the proceedings in this manner.

In this conclusion the district court did not err. The railroad company was not entitled to have the judgment of the county court thus reviewed. Since this is true, we need not consider the extent and character of the Iowa exemption laws, nor the question whether under any circumstances those statutes can have an extra territorial force. It is quite possible that the judgment of the justice in Iowa dismissing the writ of garnishment because the wages were exempt, may have constituted an adjudication which would be conclusive, not only upon the assignors but also upon the assignee, Howard. We are not permitted to decide this question because the case is not legitimately before us. The writ of *certiorari* under our practice and statute is undoubtedly designed to be what it is defined in the act—a writ of review. Its undoubted and only legitimate purpose is to enable the party who has been aggrieved by the action of some inferior tribunal to secure a reconsideration of the judgment and a reversal of that court's findings. It cannot be issued, however, according to

the express limitations of the act, except where the inferior tribunal is entirely without jurisdiction, and where also no appeal will lie from the judgment, and no other plain, adequate and speedy remedy is provided by the statutes of the state. It seems to us that neither of these considerations exists. When it is conceded, as it is by the case made, that the proceedings whereby the justice acquired jurisdiction of the cause were regular and authorized by the attachment statutes, it did acquire jurisdiction over the person of the garnishee, the railroad company, and over the debtor defendant to the extent of the company's indebtedness to him. If the justice had jurisdiction over the person of those parties, he certainly had full authority to render whatever judgment the parties might show themselves entitled to by their proofs and by the law. It is not necessary, however, to rest this case upon this consideration of the possession of jurisdiction by the justice and the county court, to which the case came by appeal; but it may be safely put on the undoubted ground that, if the railroad company was aggrieved by the judgment entered because it did not accord with the law, they had a plain and adequate remedy secured to them by the constitution and the statute.

Article 6 of the Constitution of Colorado establishes the judicial department of the state, designates sundry courts in which the judicial power shall be vested, and gives to them certain jurisdiction and divers powers. Among the courts established by the constitution is the county court. Its jurisdiction is well defined and its powers are adequately and fully expressed. Its judgments are, however, by that article specifically made subject to review by the supreme court of the state, likewise a tribunal established by the organic law. Section 23 of that article distinctly provides that a writ of error shall lie from the supreme court to every final judgment which the county court may render. This section is made effective by the general statutes and the practice established by the supreme court, and it is universally true that every final judgment which the county court of this state may render may be reviewed by the supreme court, if a party sees fit to

invoke the remedy. It would seem then necessarily to follow that if the county court had rendered an illegal judgment, and that upon the case made the railroad company was entitled to escape a recovery against them, this matter could have been made the subject of correction in the appellate tribunal, and the company could thereby secure their rights and have the law correctly declared. If this be true, the remedy is a plain one. It is certainly adequate, and it is presumed to be speedy. This position derives great support from the statutes regulating the practice in county courts, and providing means of review where the case is commenced before a justice. The justice act distinctly provides that every party against whom a final judgment is rendered by a justice of the peace may take the case into the county court and there have it tried *de novo*, and consequently have it reviewed. The county court act similarly confers the right on a defeated party to take any case wherein judgment has been rendered against him to the district court, where the cause may be again tried *de novo*, and the action of the county court thus subjected to review and reversal. This right granted by the county court act, however, unlike the justices' act, contains a limitation upon the privilege granted. That limitation is expressed in section 501 of the General Statutes, and, when taken in connection with the antecedent section, is in substance that no appeal may be taken from a judgment rendered in a county court, when it is entered in a case originally commenced before a justice of the peace. In other words, the plain purpose of the county court act was to give a party the right of review in the district court, wherever the controversy has originated and the judgment has been originally entered in the county court. It did not confer the right, but expressly withheld it, where the case started before a justice. It was thus evidently the purpose of the legislature only to permit two trials of the same cause in two separate jurisdictions. We gather from this that the writ of *certiorari*, which is defined to be a writ of review, cannot be used to bring a case tried in the county court, but originating before a justice, into the dis-

trict court for the purposes of determination. As already stated, this conclusion is supported by the antecedent consideration that the party is otherwise provided with a remedy both plain and adequate. Taken together, they necessitate the conclusion that the writ should not have been issued originally and that it was properly dismissed.

Since the action of the district court harmonizes with our conclusions as to the law, this judgment must be affirmed.

*Affirmed.*